IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**DOMINIQUE WILKINS,**

    *Plaintiff*,

v.

**ACC3421, AEIOU1819, AIZAIAINI, ALL_STAR_JERSEYS, AUTHENTICNBAJERSEYS, BEST2018JERSEY, BLACK_MAMBA, BULING_BULING_STORE, BUYBESTGOODS, C2604, CAIYUTONG2012, CHENGZI001, CHENGZI05, CHENXING_STORE, CHRISTMAS_DAY, CHRISTMAS_SHOP, COLLEGEBASKETBALL, CRONG21, CUSTOM_NBAJERSEY, CUSTOMSPORTSJERSEY, CUSTOMSTITCHED, DD159753, DHTTL121, DORAJERSEYS, FEITENG011, FJNU, FLYINGJERSEY88, GZF68, HEZONGMING55, HEZONGMING77, HOTUSJERSEY, HYCGZJERSEY, HYCOLLEGEJERSEYS, HYNCAAJERSEY, IJOIN, INKSPORTS, JAMES2242, JERSEY_NBA_SPORTS, JERSEYS_ONLINE, JERSEYS0521,**

Civil Action No.

1

JERSEYS2342, JERSEYS8581, KASAE, LOVE3740, LZYHOME, MAKEUPJERSEY, MARVEL_JERSEY, MENGLONGQIN, MLBJERSEY1, MYLOVE_JERSEY, NAZADA, NBA_NFL_JERSEYS_11, NBA_PLAYER_BUSINESS, NBA_PLAYER_SHOPS, NCAA001, NCAA668, NCAA3740, NFL_JERSEYSONE06, NO1_JERSEYS, OFFICIALTOPJERSEYS, QIUYI2018, QQQ8, RAIN_BOW, RETROTOPJERSEY, ROSEJERSEYS, SHOES_WEAR, SIDANSHOP, SPORTBEST002, SPORTCAMP, SPORTS_STORE88, SPORTSHIRTMALL, SPORTSVIPJERSEY, STRONGPROPULSION, SUNALI_STORE, TOPAMERICANJERSEY, TOPNCAAJERSEY, TOPSELLERALLTIME, TRADELEADERCN, TTL123, VIP_SPORT, WSKTNJY, WYC_BABY, XGJ01, Y199520H, YANGQINGXIA, YHX1126, YTRADE, YUFAN5, and ZZLAX8959,

     *Defendants.*

## COMPLAINT

1)    This is an action for federal unfair competition, false designation of origin, and common-law trademark infringement in violation of 15 U.S.C. §§ 1051 *et seq* and misappropriation of the right of publicity in violation of Georgia common law.

2)    This Court has subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121. This court has supplemental jurisdiction over the state misappropriation of the right of publicity claims pursuant to 28 U.S.C. § 1367.

3)    This Court has personal jurisdiction over the Defendants because Defendants, on information and belief, transact business within Georgia or have committed a tortious injury within Georgia caused by an act or omission outside the state and regularly do or solicit business, or engage in other persistent courses of conduct, or derive substantial revenue from goods used or consumed in Georgia.

4)    Alternatively, this Court has personal jurisdiction over the Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2) if any given Defendant is not subject to the jurisdiction of any state's court of general jurisdiction, because exercising jurisdiction over each Defendant is consistent with the United States Constitution and its laws.

5)    Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the property that is the subject of the action is situated

in this district, and/or because the Defendants are subject to personal jurisdiction in this district, and/or because Defendants do not reside in the United States, and therefore may be sued in any judicial district.

## THE PARTIES

6)    Plaintiff Dominique Wilkins is a resident of Atlanta, Georgia.

7)    On information and belief, Defendants Acc3421, Aeiou1819, Aizaiaini, All_star_jerseys, Authenticnbajerseys, Best2018jersey, Black_mamba, Buling_buling_store, Buybestgoods, C2604, Caiyutong2012, Chengzi001, Chengzi05, Chenxing_store, Christmas_day, Christmas_shop, Collegebasketball, Crong21, Custom_nbajersey, Customsportsjersey, Customstitched, Dd159753, Dhttl121, Dorajerseys, Feiteng011, Fjnu, Flyingjersey88, gzf68, Hezongming55, Hezongming77, Hotusjersey, Hycgzjersey, Hycollegejerseys, Hyncaajersey, Ijoin, inksports, James2242, Jersey_nba_sports, jerseys_online, Jerseys0521, Jerseys2342, Jerseys8581, Kasae, Love3740, Lzyhome, Makeupjersey, Marvel_jersey, Menglongqin, Mlbjersey1, Mylove_jersey, Nazada, Nba_nfl_jerseys_11, Nba_player_business, Nba_player_shops, Ncaa001, Ncaa668, Ncaa3740, Nfl_jerseysone06, No1_jerseys, Officialtopjerseys, Qiuyi2018, Qqq8, Rain_bow, Retrotopjersey, Rosejerseys, Shoes_wear, Sidanshop, Sportbest002, Sportcamp, Sports_store88, Sportshirtmall, Sportsvipjersey, strongpropulsion,

Sunali_store, Topamericanjersey, Topncaajersey, Topselleralltime, Tradeleadercn, Ttl123, Vip_sport, Wsktnjy, wyc_baby, Xgj01, Y199520h, Yangqingxia, Yhx1126, Ytrade, Yufan5, and Zzlax8959 ("Defendants") are foreign entities, associations or individuals with unknown locations, all of whom advertise and sell a variety of goods through various e-commerce marketplaces, including Alibaba, AliExpress, DHGate, Amazon, Ebay and/or Wish (each a "Marketplace" and collectively the "Marketplaces").

8)  Each Defendant is known to Plaintiff only by its unique Marketplace name and ID number.

9)  On information and belief, Defendants offer for sale, sell, and ship goods to customers in the United States, including in this judicial district, through their virtual storefronts on the Marketplaces.

## RELEVANT FACTS

### Plaintiff's Well-Known Name and Publicity

10)  Plaintiff is a well-known former professional basketball player.

11)  Plaintiff's basketball career spanned a period of seventeen (17) years and, during this time, he was a nine (9) time N.B.A. All-Star, two (2) time winner of the NBA slam dunk contest and amassed 26,668 points and 7,169 rebounds.  As of 2019, Plaintiff ranks 13th on the NBA all-time scoring list.

12)  Plaintiff's nickname is "The Human Highlight Film" for his athleticism and highlight reel dunks.

13)  In 2006, Plaintiff was inducted into the Naismith Memorial Basketball Hall of Fame.

14)  During Plaintiff's playing career, sports apparel and memorabilia bearing his name DOMINIQUE WILKINS and surname WILKINS (collectively, "Plaintiff's Name") and likeness generated millions of dollars in sales.

15)  Plaintiff licenses the use of Plaintiff's Name and likeness on jerseys and related athletic apparel and memorabilia through a private licensing firm.

16)  Plaintiff is a paid professional speaker, and he makes regular appearances at conventions and similar events where he autographs apparel and other memorabilia for fans and collectors.

17)  Based upon the notoriety Plaintiff achieved during his playing career, he continues to generate income on sales of sports-related memorabilia, such as authentic NBA jerseys.

18)  As a result of Plaintiff's success on the basketball court and his continued promotional efforts, Plaintiff's Name and other related publicity rights have acquired considerable goodwill are extremely valuable assets.

19)  As a result of the extensive advertising, promotion and sales of jerseys, apparel and sports memorabilia bearing Plaintiff's Name, Plaintiff's Name has acquired "secondary meaning" and considerable goodwill throughout the United States and the world.

20)  Plaintiff licenses the right to use Plaintiff's Name on jerseys, clothing, and other sports memorabilia ("Genuine Products") .

21)  On information and belief, Defendants offer for sale and sell a wide variety of goods to customers in the United States, including in this judicial district.

22)  On information and belief, Defendants routinely sell goods bearing counterfeit or infringing marks of well-known trademark owners.

23)  On information and belief, Defendants hide their true identities by using aliases, providing false contact information, or otherwise using false and deceptive means to avoid detection.

24)  Defendants are using Plaintiff's Name in commerce on or in connection with the advertising and sale of non-genuine goods that are similar to or compete with Genuine Products, and/or are advertising and selling non-genuine products bearing Plaintiff's Name through their respective on-line stores ("Counterfeit Products").

25)  Plaintiff instructed the undersigned counsel in how to identify Genuine

Products and distinguish them from Counterfeit Products.

26)  The undersigned counsel gathered the evidence of Defendants'

infringement and confirmed that each Defendant is either: (a) selling Counterfeit

Products bearing Plaintiff's Name, or (b) using Plaintiff's Name to advertise and

sell Counterfeit Products.

27)  Plaintiff has not authorized any of the Defendants to offer for sale or sell

any goods bearing Plaintiff's Name or to use Plaintiff's Name in advertising or

selling any goods.

28)  Defendants sometimes take steps to hide or obscure Plaintiff's Name from

their marketplace storefronts in an effort to avoid detection.

29)  On information and belief, Defendants are acting with knowledge that

Plaintiff's Name is well-known and are willfully selling their Counterfeit Products

with knowledge that they use Plaintiff's Name without permission.

30)  Based on the undersigned counsel's experience prosecuting similar cases,

Defendants likely operate multiple storefronts across multiple Marketplaces, are

related to the manufacturers or suppliers of the counterfeit products, coordinate

with each other to acquire, market, sell, and distribute counterfeit products, sell the

counterfeit products through the same limited number of e-commerce Marketplace

platforms that are well-known as sources of counterfeit products, share images and information about the counterfeit products for use on their Marketplace storefronts, and participate in on-line forums dedicated to informing Marketplace sellers of new lawsuits and sharing defense and settlement strategies, and therefore form a "chain of distribution".

31)  As members of a "chain of distribution" of counterfeit and/or infringing products, Defendants are liable as joint tortfeasors.

## COUNT I.

## FEDERAL UNFAIR COMPETITION IN VIOLATION OF

## 15 U.S.C. § 1125(a)

32)  Paragraphs 1-31 are realleged and incorporated herein by reference.

33)  In marketing and selling their goods in commerce in the United States, Defendants have used in connection with their goods a word, name, symbol, device, or false designation of origin that is likely to cause confusion, to cause mistake, or to deceive others to believe that Defendants' goods are sponsored by, approved by, originate with, or are affiliated with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods by Plaintiff.

34)  Defendants have caused their goods to be offered for sale in commerce with knowledge of such false designation of origin or description or representation.

35)  Defendants have willfully promoted in commerce the sale of their goods in a manner so as to falsely designate an origin or an association with Plaintiff or with Plaintiff's Name, so as to be likely to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Defendants' goods, all to Defendants' profit and to Plaintiff's damage.

36)  Plaintiff has been and/or will be irreparably damaged by the use of such false designation and/or representation and will continue to be irreparably damaged unless Defendants are preliminarily and permanently enjoined by this Court, Plaintiff having no adequate remedy at law.

37)  Defendants' acts constitute unfair competition, false designation of origin, and false description in violation of 15 U.S.C. § 1125(a).

38)  In accordance with 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants: (1) their profits, (2) any damages sustained by Plaintiff, and (3) the costs of the instant action. Further, based upon the willful nature of Defendants' violation of Plaintiff's rights, Plaintiff is entitled to reasonable attorney's fees and the trebling of such profits or damages.

## COUNT II.

## MISAPPROPRIATION OF RIGHT OF PUBLICITY

39)  Paragraphs 1-31 are realleged and incorporated herein by reference.

40)  Because of the considerable goodwill that Plaintiff has developed in Plaintiff's Name, the public associates Plaintiffs' Name with Plaintiff.

41)  Defendants have misappropriated Plaintiff's name or likeness, without consent, for their own financial gain.

42)  As a result of the foregoing, Plaintiff is entitled to a preliminary and permanent injunction against the Defendants' continued misappropriation of Plaintiff's Name for their own financial gain.

43)  Plaintiff is entitled to recover damages as measured by the value of the use of Plaintiff's Name, such as but not limited to Defendants' profits and/or a reasonable royalty.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a judgment of the Court as follows:

1)  That Defendants, and those persons in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from advertising, offering for sale or selling apparel or other products under or in connection with Plaintiff's Name, or any other designation, trademark or service mark that is likely to cause confusion, mistake, or deception as to the source or sponsorship of Plaintiff's or Defendants' goods, or from otherwise infringing Plaintiff's Name, or from appropriating Plaintiff's Name for financial gain;

2)  That Defendants be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which each has complied with the injunction of the immediately preceding paragraph and any other provision of this Court's Order;

3)  That an accounting be conducted, and judgment rendered against Defendants for:

a)  all profits received by Defendants from the sale of goods under or in connection with Plaintiff's Name in the United States;

b)  all damages in an amount proven at trial from, *inter alia*, Defendants' trademark infringement, unfair competition, false designation of origin pursuant to 15 U.S.C. § 1051;

c)  all damages in an amount proven at trial from Defendants' unauthorized appropriation of Plaintiffs' Name for its commercial gain; and

d)  any other actual and compensatory damages in an amount not presently known, but to be computed during the pendency of this action;

4)    That any damages assessed against Defendants for trademark infringement and unfair competition be trebled as provided by 15 U.S.C. § 1117, and any profits be enhanced as warranted;

5)    That Defendants be directed to file with the Court and serve upon Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunctions of the immediately preceding paragraphs and any other provision of this Court's Order;

6)    That Plaintiff have and recover its costs in this suit, including but not limited to reasonable attorney's fees and expenses; and

7)    That Plaintiff have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

THE SLADKUS LAW GROUP

s/Mark L. Seigel
Mark L. Seigel
Ga. Bar No. 634617
Jeffrey B. Sladkus
Ga. Bar No. 651220
Jason H. Cooper
Ga. Bar No. 778884
1397 Carroll Drive
Atlanta, GA 30318
Telephone: (404) 252-0900

Facsimile: (404) 252-0970
E-mail: mark@sladlaw.com
E-mail: jeff@sladlaw.com
E-mail: jason@sladlaw.com

**Attorneys for Plaintiff**